**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AMY LYNN S.,

                      Plaintiff,

      v.                                        6:18-CV-873
                                                   (DJS)

ANDREW M. SAUL,[1] _Commissioner of_
_Social Security_,

                      Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

OLINSKY LAW GROUP               HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     DANIEL TARABELLI, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1970. Dkt. No. 10, Admin. Tr. ("Tr."), p. 18. Plaintiff reported having completed two years of college. Tr. at p. 179. She has past work experience as a clerk and as a daycare worker. *Id.* Plaintiff alleges disability based upon a double concussion, ruptured discs, and pinched nerves. Tr. at p. 178.

### B. Procedural History

Plaintiff applied for disability and Disability Insurance Benefits on April 9, 2015. Tr. at p. 10. She alleged a disability onset date of March 21, 2015. Tr. at p. 75. Plaintiff's application was initially denied on September 8, 2015, after which she timely

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

2

requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 10 & 94. Plaintiff appeared at a hearing before ALJ David J. Begley on March 7, 2017 at which she and a vocational expert testified. Tr. at pp. 37-74. On June 9, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-20. On May 25, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-3.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2017 and that she had not engaged in substantial gainful activity between March 21, 2015, the alleged onset date, and March 31, 2017. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: spine disorder, obesity, headaches, depression, and anxiety. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 13-14. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, though with numerous limitations. Tr. at p. 14. Fifth, the ALJ found that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 18-19. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 20.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

5

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff makes three principal arguments. First, she contends that the ALJ erred in applying the treating physician rule with respect to her treating psychologist, Dr. Kristina Berg. Dkt. No. 11, Pl.'s Mem. of Law, pp. 8-17. Second, Plaintiff contends that the ALJ failed to properly develop the record regarding her chiropractic care. *Id.* at pp. 17-20. Third, Plaintiff contends that the ALJ erred in affording the greatest weight to the opinion of a consulting examiner ("CE") she claims was conclusory. *Id.* at pp. 20-24.

In response, Defendant contends that Plaintiff has failed to establish that the ALJ erred in weighing Dr. Berg's opinion. Dkt. No. 15, Def.'s Mem. of Law, pp. 3-7. Defendant also asserts that Plaintiff is barred from asserting that the ALJ failed to

6

develop the record. *Id.* at pp. 9-10. Finally, Defendant contends that the challenged CE opinion was sufficiently specific to be accorded weight. *Id.* at pp. 10-13.

## III. ANALYSIS

### A. The ALJ's Evaluation of Dr. Berg's Opinion

Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). If an ALJ chooses not to afford controlling weight to a treating physician's opinion he must "explain the reasoning for h[is] decision not to do so with specificity." *Jarvis v. Colvin*, 2016 WL 4148352, at *8 (N.D.N.Y. Aug. 4, 2016).

"If the Court finds the ALJ erred in failing to adequately explain his reasoning for not crediting the opinion of any of the treating physicians, then the case must be remanded." *Meadors v. Colvin*, 2015 WL 224759, at *7 (N.D.N.Y. Jan. 15, 2015).

7

Here, the ALJ recognized that Dr. Berg was a treating source, but nonetheless afforded her opinion light weight. Tr. at p. 18. The ALJ did so on the ground that Dr. Berg's opinion was not consistent with her own treatment notes and was inconsistent with the psychological consultative exam. *Id.* While the ALJ offered specific reasons for his conclusion, those reasons, and his analysis of the opinion more generally, did not satisfy the requirements of the treating physician rule. The matter, therefore, must be remanded for further consideration.

First, while the record in this case made clear that Dr. Berg had a lengthy treatment history with Plaintiff, spanning several years, Tr. at p. 601, the ALJ's decision makes no reference to this history, nor to the nature or extent of Dr. Berg's treatment relationship with Plaintiff. *See* Tr. at p. 18. This was error. *Andrew L. v. Berryhill*, 2019 WL 1081460, at *5 (N.D.N.Y. Mar. 7, 2019); *Robert B. v. Comm'r of Soc. Sec.*, 2018 WL 4215016, at *5 (N.D.N.Y. Sept. 5, 2018)

The ALJ's analysis of the opinion also makes no reference to evidence supporting Dr. Berg's asserted limitations. *See* Tr. at p. 18. Plaintiff argues that there is significant evidence supporting Dr. Berg's assessment. *See* Pl.'s Mem. of Law at pp. 11-15 (citing to the administrative record). Defendant contends that such evidence is of no moment because even when there is evidence to support Plaintiff's claim of disability the only issue on review of the ALJ's decision is whether there was substantial evidence to support the ALJ's decision. Def.'s Mem. of Law at p. 5. Defendant is correct on this point, but Plaintiff's argument goes not to the ultimate question of disability, but to the

8

propriety of the ALJ's consideration of Plaintiff's treating source opinion. The ALJ was required to consider "the amount of medical evidence supporting the opinion." *Greek v. Colvin*, 802 F.3d at 375. Here, his opinion fails to show he did so. There is clearly evidence supportive of Plaintiff's position and absent some discussion of that evidence in the context of evaluating Dr. Berg's opinion, the Court cannot find that the ALJ's decision was supported by the necessary "good reasons." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) ("the ALJ must give good reasons" in explaining the weight afforded to a treating physician's opinion).

It also appears that in discussing the extent to which Dr. Berg's opinion was consistent or inconsistent with other evidence, the ALJ engaged in improper "cherry picking" of the evidence. "Cherry picking 'refers to improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source.'" *Tara S. v. Berryhill*, 2019 WL 121243, at *6 (N.D.N.Y. Jan. 7, 2019) (quoting *Dowling v. Comm'r of Soc. Sec.*, 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015)). The ALJ, for example, found that Dr. Berg's opinions were not consistent with a consultative examination which found a "normal fund of knowledge and only mildly limited concentration and attention." Tr. at p. 18. The same examination found that Plaintiff had "psychiatric problems that may significantly interfere with her ability to function on a daily basis," Tr. at p. 565, but the ALJ made no reference to this finding in discussing Dr. Berg's opinion.

9

The ALJ also afforded Dr. Berg's opinion little weight because he found her opinion that Plaintiff would be limited in her ability to travel in an unfamiliar place inconsistent with treatment notes indicating claimant was able to travel "multiple times." Tr. at p. 18. The ALJ does not specifically cite to what he was referring to, but earlier in his opinion he cites Dr. Berg's notes to indicate that Plaintiff had travelled to Washington, D.C., Virginia Beach, and on a Boy Scout camping trip. Tr. at p. 17 (citing Exhibit 9F). Presuming that this evidence is what the ALJ was relying on in giving Dr. Berg's opinion little weight, several problems emerge. First, while Plaintiff did travel to Virginia Beach, *see* Tr. at p. 58, Dr. Berg's November 2016 notes cited by the ALJ make no reference to such a trip. *See* Tr. at pp. 651-654. Moreover, it is unclear how this trip to visit family would be inconsistent with Dr. Berg's limitation on Plaintiff's ability to travel to an "unfamiliar place." Tr. at p. 603. While the ALJ may have been correct in finding that Plaintiff's travel to Washington, D.C. was strictly speaking inconsistent with Dr. Berg's stated limitation, it does appear to further support a conclusion that the record was cherry picked here. The record contains no significant discussion about this trip or how Plaintiff functioned during it, other than general statements that it was a "good trip." *See* Tr. at pp. 58 & 638-639. The ALJ offered no explanation as to why he considered this significant in the broad context of Dr. Berg's view of Plaintiff's ability to work. *See* Tr. at p. 18. Dr. Berg's opinion, for example, expressed numerous limitations on Plaintiff's ability to work, but the ALJ's analysis of the opinion discusses none of them.

10

The ALJ's cherry picking of evidence in concluding to discount the opinion of Dr. Berg was not consistent with the treating physician rule. *Ardito v. Barnhart*, 2006 WL 1662890, at *5 (D. Conn. May 25, 2006) (cherry picked decision violates treating physician rule); *Tim v. Colvin*, 2014 WL 838080, at *7-8 (N.D.N.Y. Mar. 4, 2014) (cherry picked analysis "cannot constitute a good reason").

Taken together, these factors demonstrate that the ALJ failed to properly articulate his reasoning for not affording Dr. Berg's opinion controlling weight and remand is required for a more complete consideration of the weight to be afforded that opinion. *See*, *e.g.*, *Sheri S. v. Berryhill*, 2019 WL 1429522, at *5 (N.D.N.Y. Mar. 29, 2019); *Robert B. v. Comm'r of Soc. Sec.*, 2018 WL 4215016, at *6 (citing cases).

### B. Plaintiff's Remaining Contentions

In light of the conclusion that this matter should be remanded, the Court addresses only briefly Plaintiff's remaining arguments.

First, Plaintiff contends that the ALJ failed to properly develop the record regarding her chiropractic care with Philip Dontino, D.C. Pl.'s Mem. of Law at pp. 17-20. Defendant contends that Plaintiff is precluded from raising this argument because her counsel advised the ALJ at the hearing that the record was complete. Def.'s Mem. of Law at pp. 8-10. The parties agree that the ALJ has a duty to fully develop the administrative record. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Here, given that the ALJ afforded less weight to Dr. Dontino's opinion because it was inconsistent

11

with the record, on remand the ALJ should attempt to make sure the complete record is present for consideration.

Second, Plaintiff alleges that the ALJ erred in relying on what Plaintiff characterizes as the consultative examiner's "vague and ambiguous" use of the word "mild" to describe Plaintiff's limitations. Pl.'s Mem. of Law at p. 20. Courts have recognized that "use of terms like 'mild' and 'moderate' has been held to pass substantial evidence muster when medical evidence shows relatively little physical impairment." *Mauzy v. Colvin*, 2014 WL 582246, at *9 (N.D.N.Y. Feb. 13, 2014). On the other hand, "the Second Circuit has held that, when compiling an RFC from the record, an ALJ may not rely on opinions that employ the terms "moderate" and "mild" absent additional information." *Craig R. v. Berryhill*, 2019 WL 4415531, at *5 (N.D.N.Y. Sept. 16, 2019) (citing cases). On remand, the ALJ will have to carefully consider the opinions using such terms and consider what additional evidence, if any, supports those opinions. The ALJ can then make a clear record of the basis for the determination being made.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: November 21, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge